## MARGARET SULLIVAN *vs.* MICHAEL KELLY.

It is not necessary that the husband of the mother of a bastard child should be joined with her in a complaint under the bastardy act.

In a complaint under the bastardy act, seeking to charge one with being the father of a child begotten upon a married woman while she was living with her husband, the presumption of legitimacy can only be rebutted by evidence which proves beyond all reasonable doubt that her husband could not have been the father; and if a verdict of guilty is rendered under an instruction to the jury simply that the burden of proof is on the complainant to satisfy the jury that her husband was not the father, the verdict will be set aside.

COMPLAINT charging the respondent with being the father of a bastard child, with which the complainant was pregnant.

At the trial in the superior court, the defendant introduced evidence tending to show that at the time the child was begotten, and the complaint instituted, the complainant was a married woman ; and *Putnam*, J. instructed the jury, that if this fact was proved, the complaint might be sustained ; that the non joinder of the husband could only be pleaded in abatement

and that the burden of proof was on the complainant to satisfy the jury that her husband was not the father of the child.

The jury returned a verdict of guilty, and the respondent alleged exceptions.

*A. V. Lynde*, for the respondent.

No counsel appeared for the complainant.

DEWEY, J. If the only objection arising upon this bill of exceptions was that in reference to the ruling of the court as to the non-joinder of the husband of the complainant as a joint prosecuting party with the wife, we should think they ought to be overruled. If this objection could be taken at all, it could only be taken by a plea in abatement; and could not be given in evidence under the general issue of not guilty of the charge set forth in the complaint.

But it seems to us that it may well be questioned whether, under the recent legislation for the maintenance of bastard children, *St.* 1859, *c.* 239, and Gen. Sts. *c.* 72, it can be necessary to a valid complaint against the father of such child, seeking to have him charged with the support thereof, that the husband of the mother of such child should be a party complainant.

We are aware that he was held to be a necessary party under *St.* 1785, *c.* 66, in the case of *Wilbur* v. *Crane*, 13 Pick. 284. That decision was based upon the hypothesis that the proceeding in such cases was exclusively a matter affecting the interest of the wife, and by relation also embracing that of her husband, as he must be said to have a unity of interest.

The act referred to, as well as the Rev. Sts. *c.* 49, did, for all practical purposes, vest this right to institute such complaint as absolutely and exclusively in the mother of the child as if it had given to her an ordinary civil action on the case to compel the father to contribute to its support. The commencement of the proceedings, the further prosecution or discontinuance thereof, and the giving of a full discharge from any final liability fixed upon the father, were all entirely within her control, requiring, beyond the assent of her husband, if she had one, no approval or affirmation of any person, or of the town liable for the maintenance of the mother or child.

13*

The *St.* of 1859, *c.* 239, substantially reënacted in Gen. Sts. *c.* 72, has materially changed the provisions of the bastardy act, in reference to the character of the prosecution, and the purposes to be secured by adjudicating the defendant therein to be the father, and charging him with the maintenance, of the child. And the manner of instituting and conducting the prosecution is now made more conformable to such purposes. Thus it is now made competent, in case of her neglect to make a complaint in such case, for either of her parents, or an overseer of the poor of the town where she resides, or has her settlement, or one of the alien commissioners, or a superintendent of a state almshouse, to make such complaint, and prosecute the same to final judgment; and when made, no such complaint can be withdrawn or settled by agreement of the mother with the putative father, without the consent of the overseers of the poor, or one of the persons above named, unless provision is made, to the satisfaction of the court, for the relief and indemnity of the town, state and parent from all charges that may accrue for the maintenance of the child. Gen. Sts. *c.* 72, § 9.

Under the present provisions of the law upon this subject, the court are of opinion that the complaint could be liable to no valid objection, if made by the mother alone, although she might have a lawful husband living at the time of her making it, and the taking of her accusation and examination in writing under oath.

Upon the further question as to the effect of the mother's being a married woman upon the character of the evidence required to establish the fact that she had given birth to an illegitimate child, the rule of law was not stated in conformity with that held by this court in the recent cases of *Hemmenway* v. *Towner*, 1 Allen, 209, and *Phillips* v. *Allen*, 2 Allen, 453. In the former case, the law is stated to be that *prima facie* every child born in wedlock is presumed to be legitimate; that " this presumption may be rebutted by proof that the husband had no access to his wife during the time when, according to the course of nature, he could be the father of the child; but that the presumption cannot be rebutted by proof of the wife's adultery while

cohabiting with her husband." And various authorities to sus-
tain this position are cited. The case of *Morris* v. *Davies*, 5 Clark
& Fin. 163, seems to authorize evidence to rebut such presump-
tion of legitimacy, where the husband and wife lived apart, though
within such distance as afforded opportunity for intercourse.
But we do not understand that the present case presents any
other phase than that of a child begotten while the husband and
wife were living together and cohabiting as man and wife. As
to this part of the exceptions, we think they must be sustained.